UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT KADROVACH,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-407-DRL-MGG

WEXFORD OF INDIANA LLC *et al.*,

    Defendants.

## OPINION & ORDER

Robert Kadrovach, a prisoner without a lawyer, filed a complaint against Wexford of Indiana, LLC, Dr. Noe Marandet, and Dr. Kuenzli for refusing to change the battery in his defibrillator after it stopped working. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Robert Kadrovach arrived at the Miami Correctional Facility on November 2, 2016. At that time, the battery in his defibrillator was extremely low. By February 2016, it was dead. Both Dr. Noe Marandet and Dr. Kuenzli refused to change the battery. As a result, he "died" on May 17, 2017. He was revived, and the battery was changed on June 29, 2017.

Mr. Kadrovach initiated this lawsuit on April 20, 2020, but he sues about events that occurred between November 2, 2016, and June 29, 2017. Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Indiana's two-year limitations period applies here. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Mr. Kadrovach brought this lawsuit nearly two years and ten months after his defibrillator battery was replaced. Thus, Mr. Kadrovach's claims are time barred. The case presents no circumstances that would estop the operation of the statute of limitations here.

Mr. Kadrovach also filed a motion (ECF 11) objecting to the order transferring the case to the Northern District of Indiana. He argues that the case should not have been transferred because he is located in the Southern District of Indiana and because both Wexford of Indiana, LLC, and the witnesses he intends to call at trial reside in the Southern District of Indiana. But, as explained above, Mr. Kadrovach has not stated a claim. This case must be dismissed, and Mr. Kadrovach's concerns regarding the convenience of the parties are therefore unpersuasive.

Finally, Mr. Kadrovach filed a motion (ECF 10) asking this court to vacate the order requiring him to remit twenty percent of the money he receives each month that he receives more than $10.00, until the filing fee is paid in full. Mr. Kadrovach explains that he planned to use that money to pay an attorney hired to handle a post-conviction relief petition. Because Mr. Kadrovach is a prisoner, he is subject to the requirements of 28

U.S.C. § 1915(b) and must pay the entire filing fee in accordance with the procedures set forth in that statute. *See* 28 U.S.C. § 1915(b); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) ("[T]he filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility."). The court does not have authority to waive the fee or to modify the amount or timing of payments. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998); *see also Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997). Accordingly, this motion (ECF 10) must be denied.

For these reasons, the court:

(1) DENIES Mr. Kadrovach's motion to vacate this court's order directing that he remits twenty percent of the money he receives each month that he receives more than $10.00, until the filing fee is paid in full (ECF 10) is DENIED;

(2) DENIES Mr. Kadrovach's motion to Object to Order Transferring Action to Northern District (ECF 11); and

(3) DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

December 4, 2020                                *s/ Damon R. Leichty*
                                                Judge, United States District Court