UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT KADROVACH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-407-DRL-MGG |
| WEXFORD OF INDIANA LLC *et al.*, | |
| Defendants. | |

OPINION & ORDER

Robert Kadrovach, a prisoner without a lawyer, filed a complaint against Wexford of Indiana, LLC, Dr. Noe Marandet, and Dr. Kuenzli for refusing to change the battery in his defibrillator after it stopped working. According to his complaint, Mr. Kadrovach arrived at the Miami Correctional Facility on November 2, 2016. At that time, the battery in his defibrillator was extremely low. By February 2016, it was dead. Both Dr. Noe Marandet and Dr. Kuenzli refused to change the battery. As a result, he "died" on May 17, 2017. He was revived, and the battery was changed on June 29, 2017.

Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Mr. Kadrovach did not initiate this lawsuit until April 20, 2020. His complaint was dismissed because his claims are time-barred. The court's dismissal order noted that, though the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Here, the court deemed dismissal appropriate because Mr. Kadrovach brought this lawsuit nearly two years and ten months after his defibrillator battery was replaced.

Mr. Kadrovach has now filed a motion to reconsider. ECF 15. Because he filed the motion within 28 days of the entry of judgment, the court looks to the substance of the motion to determine whether it should be analyzed under Federal Rule of Civil Procedure 59(e) or 60(b). *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (internal citation omitted).

Mr. Kadrovach argues that the statute of limitations should be tolled consistent with Indiana Code § 34-11-5-1 because prison staff hindered him from bringing this suit. Prison staff allegedly withheld property from Mr. Kadrovach and hindered his law library access. According to Mr. Kadrovach, because he filed this lawsuit in the Southern District of Indiana, he was required by local rule to use the court's form. Between November 16, 2017, and when he filed his complaint, Mr. Kadrovach claims he was unable to obtain the required form. Indiana Code § 34-11-5-1, however, provides that: "If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action." That is not what Mr. Kadrovach is alleging. Mr. Kadrovach does not assert that the defendants concealed their failure to replace the battery in his defibrillator or that he suffered harm because of it. Instead, he

alleges that prison staff that are not parties to this action prevented him from obtaining the form he needed to initiate suit in the Southern District of Indiana.

The federal doctrine of equitable tolling provides that "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993) (quotation marks and citation omitted). But Mr. Kadrovach does not outline his efforts to obtain the form he needed to file in the Southern District of Indiana. Nor does he explain why he did not file the complaint on an incorrect form (or no form at all) in a timely manner, explaining to the court that he could not obtain the correct form. And, he offers no explanation for why he did not file his complaint in the Northern District of Indiana, where the defendants are located, the alleged wrongdoing occurred, and no special form is required to file a complaint. His conclusory allegations that he was prevented from obtaining a complaint form from the prison's law library for two years and five months is insufficient to provide a basis to set aside the judgment in this case. Mr. Kadrovach has not demonstrated that this case was dismissed due to an error of law or fact, mistake, excusable neglect, newly discovered evidence, or fraud.

For these reasons, the motion to reconsider (ECF 15) is DENIED.

SO ORDERED.

January 5, 2021                               *s/ Damon R. Leichty*
                                              Judge, United States District Court